Good morning, Your Honor. It's Matt Campbell from the Federal Defenders of Eastern Washington and Idaho. On behalf of Timothy Carlson, I'm going to attempt to reserve three minutes for rebuttal. All right. You can watch your time there, but I'll try to help you as well. I'd like to first address briefly whether the prior convictions qualify for enhancement and then dive into whether Mr. Carlson should have been sentenced for receipt or possession. In regard to whether the priors qualify, we continue to adhere to our position that the continue to adhere to a position that the federal offenses specified in the statute should be the guidepost for state offenses as well. In doing so, we recognize that the Sullivan decision from this Court is post-Mullooly, DeCamp, and Johnson 2015, and that the Sullivan case adheres to the scenarios framework. I'm also mindful of the Court's order of July 7th. Well, in light of that, do you have any leeway in your argument? Is there any give in the joints, or must we really follow Sullivan? Your Honor, to respond to that, I was also going to say I'm mindful of the Court's order of July 7th directing us to address the Barron-Medina case. In reviewing Cal Penal Code Section 288, the offense at issue in Barron-Medina, the only difference between RCW 9A 44086, which is the second-degree child molestation at issue here, is that sexual contact, as defined under Washington law, includes touchings for the purpose of gratification of third parties. And in Barron-Medina, Section 288A only involved gratification of the purpose of the minor or the defendant. That is, frankly, the only difference I can find between the two statutes. So we would argue that there is, that does create some broadening of the reach of the Washington child molestation statute vis-a-vis Cal Penal Code Section 288A. In all other respects, we recognize that a panel of this Court cannot overrule a prior panel, under Miller v. Gammey, and we would preserve any additional issues for further review either by an en banc panel or by the Supreme Court. But other than that, I don't believe I have any additional information in response to your inquiry. I appreciate your candor. But turning to the second issue, whether Mr. Carlson should have been sentenced for receipt or possession, the district court procedurally erred by sentencing Mr. Carlson for receipt and not possession. And in this regard, it's undisputed that possession is a lesser included offense of receipt under Davenport and McElmurry, as we cited. It's also undisputed that sentences on both receipt and possession are multiplicitous and in violation of double jeopardy under Davenport. So Mr. Carlson was entitled to complete dismissal of one of the two counts under the Kaczynski case and the Zalpa case. The district court was obligated to exercise its discretion and vacate one of the convictions under Hector. And the district court agreed with that. We see that in the sentencing order or memorandum at ER 569. Now, under the — So he did exercise his discretion and vacated the lesser offense. What's wrong with that? Under the Meyer case, the district court was required to exercise its discretion by consulting 18 U.S.C. 3553A. Here, the procedural error that occurred, the district court in effect conducted two separate 3553A analyses, one as to whether to sentence for receipt or possession, and then the second as to once the court made that decision, what was the appropriate sentence. And that is where the procedural error occurred. Doing so led to a contradictory conclusion that the 3553A factors required a sentence on receipt, but then recognizing that under the 3553A factors, 180 months was greater than necessary under the 3553A factors. Now if we look at Meyer, Meyer makes it clear that, quote, the choice of which count to vacate is fundamentally a sentencing decision, end quote, in which the district court, quote, must choose whether the defendant's transgressions warrant a lesser penalty, a shorter term of imprisonment for possession of child pornography, or a greater penalty, a longer — a longer term for receipt distribution, end quote. That's Meyer at 1154. So what that's stating is that this 3553A analysis is unitary and is based on what is the appropriate ultimate sentence. Here, the district court first determined — But where do you get from the proceedings that the district court engaged in that sort of separation of 3553? First, I'm going to look at it to determine whether it is Mr. Lesser or greater. Then I'm going to look at it to determine the sentence. Is it from the court's expression of his belief that the mandatory sentences are too high? No. In part, Your Honor. If we look at the court's sentencing memoranda that was — that the court issued to explain the sentencing decisions, the court first determined which — which charge, receipt or possession, was appropriate under the 3553A factors. And I'm looking specifically at ER 571, where the district court says it has evaluated the factors and determines that it should sentence for receipt. Then if we look to ER 572, the district court says, however, I find that this sentence is greater than necessary. So the court's own analysis shows that it engaged in this two-part or two-stage review of the 3553A factors. And the court had another option. The court clearly had the option to consider everything, determine what the appropriate sentence was, 120 months, 140 months, and then sentence to possession as opposed to receipt. And frankly, that's what the language of Meyer at 1154 says the district court should have done. The fact that this led to a contradictory result, a result in which the court determined that it would sentence to receipt, but said that that result is greater than necessary, means that a procedural error occurred and that the result was a substantively unreasonable sentence. And the district court admits that. The district court says its sentence is greater than necessary under 3553A. So we have a clear admission at ER 572 that this is a substantively unreasonable sentence. Now, the government in its brief had characterized this to some extent as the district court's disagreement with the draconian nature of the mandatory minimums. But frankly, that's, that might be true had Mr. Carlson only been charged with, say, distribution and there would have been no other option. Do you want to look at your time? You have two and a half minutes left. Yes. Thank you. May it please the court and counsel, I'm James Gaike from the Eastern District of Washington, an assistant U.S. attorney in that district. First, I'll briefly address the Sullivan issue. I think Mr. Campbell acknowledges, frankly, that he is inviting this court to overrule Sullivan, essentially, and this court locks the authority to do that and should not do that. Well, to his credit, he told us we can't do that. Exactly. So I think that based on Sullivan, the district court's analysis in this case with regard to all three of Mr. Carlson's prior convictions was appropriate under Sullivan and shouldn't be disturbed by this court at this time. And the parties have amply briefed that. I'd like to address now the double jeopardy issue. I am saying Mr. Campbell, I think, accurately represents what the government is saying. The government is saying Mr. Campbell's entire argument is based on the district court's comments about the nature of the mandatory minimums in these types of cases. Mr. Campbell and I have heard this criticism from the district court, this district court, and many other district courts in our district repeatedly. It's a common criticism. But that does not mean that the district court here did not do a proper analysis under Mayer and Hector. The district court did a very detailed analysis. It felt it needed to provide a supplemental memorandum that detailed that analysis. It was proper. The district court went through the 3053 factors, determined and followed the law that absent or included offense in a situation like this that should be dismissed, and then did so, dismissing the possession charge. The fact that the district court did not like the functional result of that, that it required it to impose a 15-year mandatory minimum, does not mean the district court didn't properly follow the law as to determining which of the two counts to dismiss. The district court did. It's a separate issue that the district court did not like the functional result of that having essentially the district court's hands tied to impose the 180-month sentence. The district court undertook a comprehensive and detailed 3053 analysis, explained why in practice and in essence that there were no compelling circumstances that required the district court to dismiss the greater charge in favor of the possession charge. And that ruling should not be disturbed today. And I do quickly want to address, since the court did instruct the parties to look at Barron-Medina, I don't think that changes anything. The Barron-Medina case is consistent with Sullivan. It makes quite clear that in this arena, Congress did not narrow the class of sexual offenses that trigger the mandatory minimum for receipt and possession. The problem I'm having is that your focus is solely on the sentencing part and how there was proper use of discretion in commenting. Well, why wasn't the parsimony clause part of the analysis on the first issue? Because we're told that that's a sentencing analysis. And the sentencing analysis wasn't used. I think in effect the district court did do a sentencing analysis because it went through, it followed the law under Hector and Meyer and went through and determined sentencing-wise under 3053, does this essentially result in an unjust result? It's a result it didn't like, but it's not an unjust result. It's not an improper result under the law. The district court, I think, made quite clear it knew the bounds of its authority. It knew its discretion. It knew that it could, if it had wanted to. Well, if the first issue is it's a sentencing issue, doesn't that broaden the discretion the district court has rather than narrowing it, as you suggest? I mean, it sounds like it's sentencing discretion at both steps here as to the dismissal, choice of which charge do you dismiss. I think if the court takes the view that that analysis allows a broadening of the review, the district court recognizes that it did have that authority. And it still refused to dismiss the larger charge. Do you see any potential for inconsistency the way it approached issue 1 and the way it approached issue 2? I don't think on the facts of this case, no. I don't, Your Honor. It's not as though district court was essentially assigning error to the district court, essentially saying it should have reached the result that the defendant wanted in this instance, but the district court knew that it could do that had it wanted to. And I think the fact that the district court went with the receipt charge, knowing full well that the impact of its comment with regard to the draconian nature of these mandatory minimums would be an issue on appeal. I think that indicates that the court was intellectually honest in its review of this matter. It knew that if its sole issue was to reach that 10-year mandatory minimum, it could have had the discretion to do it. But it looked at the specific factors of this case. It looked at the recidivist nature of the defendant and decided that that was not appropriate in the facts of this case. Well, had the district court stopped there and said, you know, I'm concerned about the draconian mandatory sentences and I agree with the judges who expressed that view, I don't think the defense would really have anything to talk about. But I think the reliance is really on the district court concluding with the fact that the mandatory minimum sentence that it had to impose is really greater than what is necessary to comport with the purposes of 3553A. What about that? I think that's the inconsistency that gives rise to some discussions and argument by the defense. I think that's right, Your Honor. But I do think that when the court said it felt compelled to not dismiss the receipt charge, what the court's meaning was after that analysis about is there a compelling reason? It followed Hector and Meyer. Is there a compelling reason to go with the lesser included count over the receipt count? And the court did that analysis and found that it was not a compelling reason. It followed the case laws laid out by the circuit and it found that there was no compelling reason on the facts of this case to do so. So I think that then following up with a comment as to the effect of the mandatory minimums is different than saying my concerns about those sentences mean I must go with the possession charge. If there are no further questions in the court, I have a little. Thank you. Thank you. Simply to clear up the record, I think it's the government stated that we were conceding all three of the prior convictions. I think technically one of the prior convictions, a statutory rape, frankly is not really at issue here. And I'm not necessarily conceding the other issue. I do offer the slight distinction with Barry Medina, but I leave it up to the court to determine. The government speaks about that the district court determined that there were no compelling circumstances. And I think this underscores the difference between the government and our position, which is there must only be a unitary evaluation of the 3553A factors. The compelling circumstances that warranted a sentence for possession are the analysis of the 3553A factors, which leads to the conclusion that a sentence of receipt is substantively unreasonable. And that's what the district court found. And the government certainly hasn't shown that it was an abuse of discretion for the district court, or clear error, for the district court to conclude that 180 months was longer than necessary. So that is the compelling circumstance that warranted sentence on possession, the lesser, as opposed to receipt greater. Well, did you argue then in the district court that you could have a 10-year mandatory minimum under the other charge, but deviate upwards? So somewhere between the 10 and the 15 might be appropriate? Or did you argue that you could never have really more than the 10 mandatory minimum? Your Honor, as a sentencing matter, what I argued in the district court was that 10 years was appropriate. But I didn't argue that somehow almost in an 11C1C context, 10 years was compelled. I argued that a sentence for possession was appropriate and that, in our opinion, the appropriate possession sentence was 10 years. I hope that answered the Court's question. A comprehensive 3553A analysis, which the government claims occurred, simply cannot support a result which was substantively reasonable when another option exists. Again, had Mr. Carlson, had the only option been 15 years, then I would understand the Court's remarks and even the Court's citation to this Court's opinion in Hardrick talking about how these sentences are draconian. But that's not what we had here. The district court had an alternative choice to sentence to 10 years or something in between. And I think it's important when we look at the, to get to Judge Winn's questions and points, when we look to the memoranda, when the Court is discussing the receipt versus position discussion, the Court never mentions 10 years versus 15 years in that point. The Court mentions some of the factors, but it doesn't discuss in that section as to whether to sentence to receipt or possession what the ultimate result will be. It simply is analyzing this in terms of sort of abstractly which offense it's going to sentence to. But it never mentions 180 months or the guideline range of 188 to 235 months until it's already decided that it's going to sentence on receipt. So I think when we look to that portion of the order, it gives us that issue. I see I'm over time. I'm happy to answer any other questions. I don't think there are any. Thank you. Thank both counsel for your argument this morning and also coming over from Spokane. The case just argued, United States v. Carlson is submitted.
judges: Murphy, McKeown, Nguyen